UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JOHN USTICK,

    Plaintiff,                      DEMAND FOR JURY TRIAL

-vs-                                 Case No.
                                         Hon.

WAYNE BILLER,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

### PARTIES

3. The Plaintiff to this lawsuit is John Ustick who resides in Eastpointe, Michigan in Macomb County.

4. The Defendant to this lawsuit is Wayne Biller ("Wayne Biller") an individual who resides in the State of Michigan.

5. Defendant regularly sells goods on the internet and engages in trade or commerce in the online sale of goods.

## VENUE

6. The Plaintiff resides in Macomb County, Michigan.

7. The transactions and occurrences which give rise to this action occurred in Macomb County.

8. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

9. On or about November 26, 2016, Plaintiff purchased from Defendant a and finance agreement known as a retail installment contract with Wayne Biller for a 1999 Jeep VIN 1J4FY19SXXP496921 ("the vehicle").

10. Before Plaintiff agreed to purchase the vehicle , Wayne Biller made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle: that the vehicle's actual mileage was <u>177,000 miles</u>. (XXXXXX we need the exact mileage from the ads)

11. Plaintiff paid Defendant $6,500.00 for the vehicle.

12. The vehicle did not meet Wayne Biller's specific representations which constituted express warranties.

13. The vehicle had significantly more miles on it than Defendant disclosed.

14. Defendant rolled back the odometer in order to defraud subsequent purchasers such as the Plaintiff.

15. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. §440.2101 *et seq.*

16. The vehicle is neither fit for its intended purpose, not merchantable.

17. Plaintiff has suffered damages as a result of the acts and omissions set forth herein.

### **COUNT I -- Federal Odometer Act (Wayne Biller)**

18. Mr. Ustick incorporates the preceding allegations by reference.

19. By rolling back the odometer and failing to provide Mr. Ustick with a legal and conforming odometer disclosure at the time of sale, Wayne Biller has, with intent to defraud, violated the Federal Odometer Act, 49 U.S.C. § 32701-32711.

20. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

21. Wayne Biller knew or had reason to know of the inaccuracy of the odometer at the time he sold the vehicle to Mr. Ustick.

22. Wayne Biller rolled back or otherwise tampered with the odometer before selling the vehicle to Mr. Ustick .

23. Plaintiff has suffered damages as a result of Defendant's violations of the federal odometer act.

### **COUNT II -- Michigan Odometer Act (Wayne Biller)**

24. Mr. Ustick incorporates the preceding allegations by reference.

25. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

26. The odometer statement presented to Mr. Ustick did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Mr. Ustick .

27. Wayne Biller knew or had reason to know of the inaccuracy of the odometer at the time he sold the vehicle to Mr. Ustick .

28. Wayne Biller knew or had reason to know of the inaccuracy of the odometer statement relating to the vehicle, which statement was presented to Mr. Ustick.

29. Wayne Biller rolled back or otherwise tampered with the odometer before selling the vehicle to Mr. Ustick.

30. Plaintiff has suffered damages as a result of Defendant's violations of the Michigan odometer act.

### COUNT III -- Violation of Michigan Consumer Protection Act (Wayne Biller)

31. Mr. Ustick incorporates the preceding allegations by reference.

32. Wayne Biller is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

33. Wayne Biller has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

    a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

    b. Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

    c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

    d. Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

    e.

6. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

g. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

h. Representing that a part, replacement, or repair service is needed when it is not.

i. Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

j. Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

k. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

l. Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

m. Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

n. Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

o. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

p. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

q. Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

r. Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

s. Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

t. Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

u. Causing coercion and duress as the result of the time and nature of a sales presentation.

v. Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

34. Mr. Ustick has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

35. Mr. Ustick suffers continuing damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT IV -- Misrepresentation (Wayne Biller)

36. Mr. Ustick incorporates the preceding allegations by reference.

37. The material representations were intended to induce the reliance of Mr. Ustick.

38. The material representations did induce the reasonable reliance of Mr. Ustick.

39. Wayne Biller made the material representations with actual knowledge of their falsity.

40. Wayne Biller made the material representations with reckless disregard to their truth or falsity.

41. Wayne Biller made the material representations even though he should have known that they were false.

42. These actions constitute a misrepresentation upon Mr. Ustick by Wayne Biller.

43. Mr. Ustick has suffered damages as a result of this misrepresentation.

44. As a result of this misrepresentation, Mr. Ustick suffers continuing damages.

### COUNT V -- Breach of Contract (Wayne Biller)

45. Mr. Ustick incorporates the preceding allegations by reference.

46. Wayne Biller's tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, or fitness for intended purpose which existed at the time of delivery.

47. The failure of Wayne Biller to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

48. Mr. Ustick has suffered damages as a result of this breach of contract.

49. Mr. Ustick suffers continuing damages as a result of this breach of contract.

### COUNT VI -- Breach of Warranties (Wayne Biller)

50. Mr. Ustick incorporates the preceding allegations by reference.

51. Wayne Biller has breached the warranty of merchantability.

52. Wayne Biller has breached the warranty of fitness for intended purpose.

53. Mr. Ustick has suffered damages as a result of these breaches of warranty.

54. Mr. Ustick suffers continuing damages as a result of these breaches of warranty.

### JURY DEMAND

55. John Ustick demands a jury trial in this case.

### REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

1. *Assume jurisdiction over this case including all supplemental claims.*

2. *Award actual damages.*

3. *Award treble damages.*

4. *Award statutory and punitive damages.*

5. *Award statutory costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

      By: /s/ Adam G. Taub
        Adam G. Taub (P48703)
        Attorney for John Ustick
        17200 West 10 Mile Rd. Suite 200
        Southfield, MI 48075
        Phone:  (248) 746-3790
        Email:   adamgtaub@clgplc.net

Dated:   January 30, 2018